IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

BYRON ANDERSON,

        Petitioner,

v.

CHRISTE QUICK,

        Respondent.

Case No. 24-CV-014-RAW-JAR

**OPINION AND ORDER**

    Petitioner Byron Anderson, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241, challenging a prison disciplinary conviction. Dkt. No. 1. Respondent Christe Quick has moved to dismiss the Petition, arguing that Petitioner fails to state a cognizable claim for relief under § 2241.[1] Dkt. No. 10. Petitioner has responded in opposition. Dkt. No. 12. For the reasons discussed herein, the Court grants Respondent's motion and dismisses the Petition without prejudice.

    **I.**    **Background**

    On April 10, 2022, Petitioner was charged with possession of a weapon in a disciplinary action at the Jackie Brannon Correctional Center ("JBCC") in McAlester, Oklahoma. Dkt. Nos. 10-2, 10-3. A disciplinary hearing was held on April 18, 2022, and Petitioner was found guilty of the offense. Dkt. No. 10-6. The disciplinary finding resulted in a 365-day restriction of Petitioner's visitation and canteen privileges. Dkt. No. 1, at 2; *see* Dkt. No. 10-6, at 1; Dkt. No.

---

[1] Respondent additionally argues that the Petition is subject to dismissal because Petitioner failed to file it within the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1). Dkt. No. 10, at 4. Because the Court finds that § 2241 is an improper vehicle for Petitioner's claims, the Court does not reach Respondent's alternative argument for dismissal.

10-11, at 6.[2]  Petitioner submitted a misconduct appeal with JBCC, which was denied on June 8, 2022.  Dkt. Nos. 10-8, 10-9.  He then appealed the determination to the Administrative Review Authority, which affirmed the decision on July 27, 2022.  Dkt. No. 10-10.

Petitioner filed his § 2241 petition in this Court on January 8, 2024, requesting that the Court "dismiss the misconduct [finding]."  Dkt. No. 1, at 10-11.  Petitioner contends that the disciplinary proceeding violated his Fourteenth Amendment right to due process and that there was insufficient evidence to support the finding of guilt.  *Id.* at 8-9.

## II.     Discussion

Petitions brought under § 2241 "are used to attack the execution of a sentence."  *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).  "[A] § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters," but only to the extent that the petitioner is "attack[ing] the fact or duration of [his] confinement and seek[ing] the remedy of immediate release or a shortened period of confinement."  *Id.* at 811-12 (internal quotation marks omitted); *see Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 n.2 (10th Cir. 2012) (explaining that claims cognizable under § 2241 are limited to those in which the petitioner "seeks either immediate release from, or a shortened period of, physical imprisonment, *i.e.*, placement on parole or in a parole-like custodial setting, or immediate release from, or a shortened period of, custody altogether"); *Ricco v. Conner*, 146 F. App'x 249, 253 (10th Cir. 2005).[3]

Here, Petitioner does not allege that the prison disciplinary proceeding resulted in the loss of good-time credits or otherwise implicated the fact or duration of his confinement.  The

---

[2] The Court's citations refer to the CM/ECF header pagination.

[3] The Court cites all unpublished decisions herein as persuasive authority.  Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

restrictions imposed affected his visitation and canteen privileges only. Dkt. No. 1, at 2. Because these restrictions do not relate to the execution of his sentence and the relief sought in the Petition is neither immediate release nor a shortened period of confinement, relief under § 2241 is unavailable. *See Ricco*, 146 F. App'x at 251–53 (determining that "the district court erred by failing to recognize that § 2241 is an improper vehicle for" claims related to prison disciplinary sanctions that temporarily restricted "visitation, commissary, and telephone privileges"); *Pinson v. Berkebile*, 553 F. App'x 852, 853-54 (10th Cir. 2014) (concluding that the petitioner "failed to allege a valid factual basis for a § 2241 petition" where the petitioner challenged prison restrictions to his mail and telephone privileges); *Franklin v. Santistevan*, Civ. No. 21-304 WJ/GJF, 2024 WL 1573813, *2 (D.N.M. April 11, 2024) (explaining that "objections to disciplinary sanctions that involve merely the restriction of inmate privileges, such as mail, telephone, or visitation privileges, are . . . not cognizable in a federal habeas corpus action").

### III.    Conclusion

Based on the foregoing, the Court **grants** Respondent's Motion [Dkt. No. 10] and dismisses the Petition without prejudice. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the dismissal of the Petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c).

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. Quick's motion to dismiss [Dkt. No. 10] is GRANTED;

2. the petition for writ of habeas corpus [Dkt. No. 1] is DISMISSED without prejudice;

3. a certificate of appealability is DENIED; and

4. a separate judgment of dismissal shall be entered in this matter.

Dated this 28th day of January, 2025.

Ronald A. White
United States District Judge
Eastern District of Oklahoma